■ The People of the State of New York, Respondent, v Hector Centeno, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered on February 22, 1988, convicting defendant, after a plea of guilty, of robbery in the first degree and criminal possession of a weapon in the second degree and sentencing him to concurrent indeterminate terms of imprisonment of 4½ to 9 years for each charge, is unanimously modified, on the law, to reduce the sentence

imposed on the conviction for criminal possession of a weapon in the second degree to 3 to 9 years, and otherwise affirmed.

On July 6, 1987, the defendant and an accomplice robbed a man of his property, money and clothing. The defendant used a loaded and operable gun in the process of robbing the complainant.

The defendant pleaded guilty and was promised a sentence of 4½ to 9 years. At the sentencing the Judge initially stated the defendant was being sentenced as a predicate felon. Defendant urges that he was improperly sentenced as a predicate felon. We disagree.

The prosecutor promptly informed the Judge that the basis for the 4½-to-9-year sentence was not because the defendant was a predicate felon, but because the defendant had committed a class B armed felony offense. The court thereupon imposed the promised sentence of 4½ to 9 years for each charge, with the sentences to run concurrently.

The sentence for the charge of robbery in the first degree, a class B felony, was correct. The sentence for the second charge of criminal possession of a weapon in the second degree was erroneous. The second charge was a class C felony and should have had a minimum of 3 years as opposed to the 4½ years imposed by the court. (Penal Law § 70.00 [3] [b]; § 70.02 [4].) Accordingly, we have modified the term of imprisonment imposed on that count. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.